IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ANGELA D. MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 111-036 |
| | ) |
| TAYLOR INVESTMENTS, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The above-captioned employment discrimination case was filed in the Augusta Division of the Southern District of Georgia. While Plaintiff is a Georgia resident and the address provided for Defendant is in Augusta, Georgia, Plaintiff's complaint details events that allegedly occurred at her place of employment in North Augusta, South Carolina. (See doc. no. 1, pp. 5, 10.) As such, the proper venue for this action is in the District of South Carolina, not the Southern District of Georgia. 42 U.S.C. § 2000e-5(f)(3).[1, 2]

---

[1] Title VII actions "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . ." 42 U.S.C. § 2000e-5(f)(3); see also Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions . . . ."). Plaintiff has not provided any information in her complaint regarding the latter two scenarios listed in § 2000e-5(f)(3), but she does identify North Augusta, South Carolina, as the place where the alleged unlawful employment practices occurred. Also, it is apparent from the attached documentation that she filed her Equal Employment Opportunity Commission charge in South Carolina. (Doc. no. 1, p. 8.) Thus, based on the information in the complaint, the Court determines that the District of South Carolina is the proper venue for Plaintiff's Title VII claims.

[2] In addition to her Title VII claims, Plaintiff also appears to be asserting a claim under the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d). Venue for EPA claims is governed by the

In the interest of justice, instead of dismissing this action, the Court may transfer the case to the court in which venue would be proper. 28 U.S.C. § 1406(a). Because it appears that the case should have been filed in the District of South Carolina, transfer to that District is appropriate.

Therefore, it is **HEREBY ORDERED** that the above-captioned case is **TRANSFERRED** to the United States District Court for the District of South Carolina, for further consideration. The Clerk of Court is **DIRECTED** to immediately forward the file to that District.

SO ORDERED this 20th day of April, 2011, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

general venue provisions of 28 U.S.C. § 1391, which allow for proper venue "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." See Tuberville v. Casey, 525 F. Supp. 1070, 1071 (D.D.C. 1981). Courts have adopted two approaches to dealing with the question of venue in actions involving both Title VII claims, which are governed by Title VII's special venue provisions, and other claims governed by § 1391. Some courts evaluate which claim is the "primary" claim, and analyze venue based on the venue provision applicable to that claim. See, e.g., id. Other courts have simply concluded that the narrower Title VII venue provisions take precedence over the general venue provisions of § 1391. See, e.g., James v. Booz-Allen & Hamilton, Inc., 227 F. Supp.2d 16, 21 (D.D.C. 2002). Here, Plaintiff's Title VII claims are her primary claims, as the bulk of her complaint consists of allegations of sexual harassment. (See generally doc. no. 1.) Accordingly, following either of the two possible approaches, venue in this case is governed by Title VII's specific venue provisions, under which venue is proper in the District of South Carolina, as noted above. See supra note 1.